FILED
JANUARY 10, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 223

JUDGE NORGLE
MAGISTRATE JUDGE NOLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISION

| | |
|---|---|
| Patricia Yusuff<br>1639 Mcdaniel Ave.<br>Evanston, IL 60201<br><br>    Plaintiff,<br><br>v.<br><br>Bennett DeLoney & Noyes P.C.<br>1265 East Fort Union Blvd., Suite 150<br>Cottonwood Heights, UT 84047<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff has brought this claim within the timeframe permitted under the FDCPA.

9. In or around August 21 2007, Defendant telephoned Plaintiff in an effort to collect the debt.

10. During this communication, Defendant spoke to Plaintiff in a rude and belittling manner.

11. During this communication, Plaintiff attempted to inform Defendant that Plaintiff had retained an attorney for bankruptcy, but Defendant repeatedly interrupted Plaintiff and refused to let Plaintiff speak.

12. During this communication, Defendant threatened to come to Plaintiff's house and take Plaintiff's furniture.

13. Despite Plaintiff's notice, Defendant telephoned Plaintiff again on or around August 25, 2007.

14. On or around August 25, 2007, Defendant telephoned Plaintiff's residence and left a voice message, which disclosed that Defendant was attempting to collect on a debt owed by the Plaintiff.

15. Plaintiff's nephew heard this message while it was being recorded and, as a result, learned of Plaintiff's debt.

16. Plaintiff's attorney sent Defendant notice of Plaintiff's representation for bankruptcy by facsimile on August 25, 2007.

17. Plaintiff's voluntary petition for bankruptcy was filed on September 14, 2007.

18. The debt was listed in Plaintiff's bankruptcy petition.

19. Defendant telephoned Plaintiff yet again on September 18, 2007 in an effort to collect the debt.

20. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: /s/ Jeffrey S. Hyslip
　　Jeffrey S. Hyslip
　　Attorney for Plaintiff
　　20 W. Kinzie Street, Suite 1300
　　Chicago, IL 60610
　　Telephone: 866-339-1156
　　Email: jsh@legalhelpers.com